# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DON LEATHERWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-19-1140-HE |
| | ) | |
| JEORLD BRAGGS, JR., Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Michael Don Leatherwood, appearing through counsel, has filed a second habeas petition pursuant to 28 U.S.C. § 2241.[1]  He again challenges the revocation by the state district court of fifteen years of the suspended sentence imposed by that court.  He again argues the revocation was wrongful because the basis for it — violation of the terms of his probation when he was not actually on probation — was incorrect.   The court uses the term "again" advisedly, because essentially all of the substantive arguments now relied on by petitioner have been offered previously and rejected by this court and the Court of Appeals as a basis for habeas relief.  In any event, petitioner now claims there is new "evidence" that warrants revisiting this again.

The petition was referred to U.S. Magistrate Judge Shon T. Erwin for initial proceedings, pursuant 28 U.S.C. § 636(b)(1)(B) & (C).  Respondent moved to dismiss the

---

[1] As the Court of Appeals noted in its prior order, petitions like this one are viewed as §2241 petitions in the Tenth Circuit, rather than §2254 petitions as they are viewed elsewhere. The repetitive "second and successive" nature of the present petition, without good cause, is perhaps a good argument for reevaluating the rule.

petition as untimely, and Judge Erwin has recommended that it be granted. Petitioner has objected to the Report and Recommendation (the "Report"), which triggers *de novo* review by this court.

The Report concludes that the relevant limitations period for the filing of the petition expired on March 24, 2018, but that the petition was not filed until December 6, 2019. Petitioner objects to the Report's calculation of the relevant period and to its conclusion that neither statutory nor equitable tolling warrant an extension of the pertinent deadline.

The court concludes the Report correctly identified the latest possible filing deadline, March 24, 2018. As noted in the Report and as applicable here, the one year limitation period runs from the later of the date on which the judgment became final by the conclusion of direct review (28 U.S.C. § 2244(d)(1)(A)) or the date on which the factual predicate for the claim could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)). Direct review in this case ended many years ago, long before the December 6, 2019, filing of this petition. The "factual predicate" upon which petitioner relies is a "concession" as to the state of the law in Oklahoma, made by the State at oral argument before the Tenth Circuit Court of Appeals, and two affidavits by former Oklahoma officials. Oral argument was held on March 23, 2017. The affidavits were known to petitioner at the time of the oral argument (indeed, he was trying to get them considered by this court and the Court of Appeals then). So, the last event arguably qualifying as a new factual predicate was the concession at oral argument. One year from that date is March 24, 2018, as the Report correctly concluded.

Petitioner contends he is entitled to statutory tolling based on two post-conviction proceedings he commenced in state court. He filed a petition for writ of habeas corpus in the District Court of Payne County, which was pending there for 46 days, and a second application for post-conviction relief in the District Court of Oklahoma County. The Oklahoma County application was filed September 18, 2017, and stricken by the court on April 23, 2018. The Report concluded the Payne County proceeding did not qualify for tolling because it depended on petitioner being incarcerated in that county at the time and that fact had not been shown. It concluded the Oklahoma County proceeding did not qualify because the petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

With respect to the Payne County proceeding, the court concludes petitioner should be credited with the pertinent time. The Report noted that, under Oklahoma law, a properly filed habeas petition must be filed in the county where the petitioner is incarcerated. It concluded that fact had not been shown. And indeed, it appears not to have been shown as of the time the magistrate judge generated the Report. There is no reference to the Payne County proceeding in the petition filed in this court and the petitioner's response to the motion to dismiss does nothing more than assert he complied with the applicable state statute. However, he has since referenced an allegation in the petition filed in Payne County to the effect that he was incarcerated there and has also submitted other evidence that he was, in fact, incarcerated in Payne County at the time of filing that petition. The court therefore concludes Mr. Leatherwood could establish the Payne County petition was

properly filed and that he therefore qualifies for 46 days of statutory tolling due to the pendency of that proceeding.

With respect to the Oklahoma County proceeding, the Report concluded it was not "properly filed" and therefore did not qualify for statutory tolling. The conclusion as to proper filing was based on violation of the local court rules. Local Rule 37(b) for Oklahoma County District Court states that "[a]ll motions, applications and responses thereto . . . shall not exceed twenty (20) pages in length, excluding exhibits, without prior permission of the assigned judge." The State immediately moved for dismissal of the application based on violation of that rule and the court eventually struck it on that basis. Petitioner does not dispute that his application exceeded the 20-page limit and that he did not have permission to exceed it from the assigned judge. Rather, he argues that the court improperly struck the oversized application under then Rule 37(D) (now Rule 37(E)) which states: "Any motion and/or brief filed in violation of this rule shall not be considered by the assigned judge and shall be stricken from the record."

It may well be, as petitioner argues, that the mandatory "striking" required by Rule 37(D) applies only to "motions and briefs" and not to "applications" like what he filed. But it is nonetheless clear that the application he filed violated the twenty-page limit of 37(B), which applied to applications as well as motions. It was thus not properly filed under the rule and the striking of it was justified by the rule, whether due to the mandatory language of 37(D) or the judge's action separately. The Report correctly concluded the Oklahoma County proceeding does not qualify for statutory tolling.

Petitioner also argues, for the first time in his objection to the Report,[2] that an application for an evidentiary hearing was filed on the same date as his second application for post-conviction relief and that it serves to toll the limitations period even if the petition was stricken. The court has considerable doubt whether a motion filed in a proceeding invoked by a defective application has independent significance in this context, but it is unnecessary to resolve the issue here. Arguments raised for the first time in an objection to a Magistrate Judge's recommendation are deemed to have been waived. Standing Akimbo, LLC v. United States, 955 F.3d 1146, 1159 (10th Cir. 2020) (citations omitted). The court will therefore not consider whether this filing tolls the limitations period.

The result is that petitioner is entitled to statutory tolling only as to the Payne County proceeding, which was for 46 days. That is not enough to fill the approximately twenty-month gap between March 24, 2018, and his filing of the petition here on December 6, 2019. So, the question becomes whether the Report is correct that no basis for equitable tolling has been shown.

Under 28 U.S.C. § 2244(d), the one-year time limit is "subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

[2] *Petitioner's response to respondent's motion to dismiss does mention that an application for evidentiary hearing was filed the day after his oversized second application for post-conviction relief was filed, but he does not present any argument in that response as to why that filing should statutorily toll the limitations period. Doc. # 11, pp. 9-15.*

timely filing." *Id.* at 649 (quotations and citation omitted).  "[T]he exercise of a court's equity powers must be made on a case-by-case basis", permitting flexibility to avoid the mechanical application of rules.  *Id.* at 649-50 (quotations and citations omitted).  The Report concluded that petitioner failed to demonstrate extraordinary circumstances sufficient to justify equitable tolling.

Petitioner objects to that conclusion, arguing that extraordinary circumstances exist because the Oklahoma County district court abused its discretion in striking his oversized second application.  As noted above, the application did not comply with the local rules, and, while it may not have been subject to mandatory striking, it was nonetheless within that court's power to strike the application for noncompliance with the rules.  There was no abuse of discretion and hence no "extraordinary circumstance" based on the striking of the application.

Petitioner also argues that extraordinary circumstances exist in his case due to the delay between the state's filing its motion to strike his second application on September 19, 2017, and the court's ruling on that motion April 19, 2018.  Petitioner contends that he diligently sought relief before that court by filing a response to that motion on September 22, 2017, as well as a motion for a status conference on January 23, 2018, sufficient to demonstrate that extraordinary circumstances prevented him for timely filing his petition.

While plaintiff, who was represented by counsel throughout all relevant proceedings, appears to have diligently pursued his position in various ways, that does not mean the "extraordinary circumstance" element is satisfied.  The Report correctly notes that nothing prevented him from timely filing a habeas petition with this court and,

6

potentially, seeking a stay and abeyance while he exhausted his state court remedies. The court concludes that petitioner has failed to demonstrate that extraordinary circumstances prevented him from timely filing his petition.

Accordingly, after *de novo* review, the Report and Recommendation [Doc. # 12] is **ADOPTED**. Respondent's Motion to Dismiss [Doc. # 8] is **GRANTED** and the petition is **DISMISSED.** Further, in the circumstances of this case, the court concludes petitioner has not made a substantial showing of the denial of a constitutional right and therefore **DECLINES to GRANT** a certificate of appealability. In reaching that conclusion, the court notes again that virtually all of petitioner's current arguments have been presented and rejected in prior proceedings. He sought to offer the affidavits from Judge Watson and Mr. Jones in the prior proceeding. This court declined to permit that supplementation of his petition and the Court of Appeals affirmed, noting that the affidavits did not ultimately go to any issue cognizable in a federal habeas case. Leatherwood v. Allbaugh, 861 F.3d 1034, 1043 & fn.8 (10th Cir. 2017). Further, the new "evidence" doesn't appear to offer any new fact of consequence. The affidavits are essentially legal or lay opinions as to what Oklahoma law requires or permits, not new factual evidence of any sort,[3] and the "concession" at oral argument is nothing more than legal argument as to what Oklahoma law required, permitted or allowed.

---

[3] *Petitioner views Judge Watson's affidavit as showing what he told Mr. Leatherwood and what he intended by his statements. What the judge told Mr. Leatherwood is a matter of record, which has already been reviewed and ruled on by this court and the Court of Appeals. Whatever intention the judge may have had different from that is of no moment in evaluating what petitioner was on notice of.*

**IT IS SO ORDERED**.

Dated this 25th day of June, 2020.

                                            JOE HEATON
                                            UNITED STATES DISTRICT JUDGE